UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OAK DEN FARM, LLC | CIVIL ACTION |
| VERSUS | NO: 06-7205 |
| TRAVELERS INDEMNITY COMPANY, ET AL. | SECTION: "A" (1) |

### ORDER AND REASONS

Before the Court is a **Motion to Vacate (Rec. Doc. 45)** filed by third party defendants Harry Kelleher & Co., Inc. ("Kelleher, Inc.") and Harry B. Kelleher ("HBK"). Plaintiff, Oak Den Farm, LLC, opposes the motion. The motion, set for hearing on November 14, 2007, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED.**

### I.     BACKGROUND

The instant dispute arises out of damage to Oak Den Farm, a working farm in Lumberton, Mississippi, due to the wind and rain associated with Hurricane Katrina. (Pla. Compl. ¶ 8). The property was insured by a policy of insurance of custom coverage, entitled "Agribusiness Policy," which was procured by Harry Kelleher & Co., Inc., through Louisiana licensed broker Harry B. Kelleher. (*Id.* at ¶ 6.) Travelers Indemnity Company issued this Agribusiness policy, effective from February 2, 2005, through February 2, 2006, to Oak Den Farm. (*Id.* at ¶ 7.)

Plaintiff filed suit in the Civil District Court for the Parish of Orleans, alleging that Travelers failed to comply with its obligations under the Agribusiness Policy and therefore is in breach of that contract of insurance. (*Id.* at ¶ 21.) Furthermore, Plaintiff contends that Travelers' breach is in bad faith. (*Id.* at ¶ 22.) According to Plaintiff, any damages suffered by Oak Den Farm as a result of lack of appropriate insurance coverage under the Agribusiness Policy resulted from the negligence of Kelleher, Inc and HBK, in failing to obtain the appropriate coverage requested by Oak Den Farm. (*Id.* at ¶ 28.)

Travelers removed the case to this Court, alleging that Kelleher, Inc. and HBK were fraudulently joined to defeat subject matter jurisdiction. (Mem. in Supp. p. 2.) On February 1, 2007, Plaintiff filed a Notice of Partial Dismissal, dismissing without prejudice Kelleher, Inc. and HBK pursuant to Federal Rule of Civil Procedure 41(a). (Rec. Doc. 6.)

On April 12, 2007, the Court issued a Scheduling Order, which dictated that amendments to pleadings, third-party actions, cross-claims, and counter-claims shall be filed no later than May 25, 2007. (Rec. Doc. 9.) On that date, Travelers moved for leave to file a third party complaint, adding Keller, Inc. and HBK as third party defendants. (Rec. Doc. 13. The Court granted Traveler's motion (Rec. Doc. 15), and the Third Party Complaint was entered on May 30, 2007 (Rec. Doc. 16).

After the deadline for filing amendments to pleadings had passed, on June 28, 2007, Plaintiff filed the Unopposed Motion to Withdraw Notice of Partial Dismissal and Motion for Leave to Amend (Rec. Doc. 19). The Court granted this combined motion on July 13, 2007. (Rec. Doc. 25.) Third party defendants move to vacate this Order.

## II.  DISCUSSION

Third Party Defendants' Motion to Vacate rests on three grounds: (1) Plaintiff's notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a) was effective at the time of filing and cannot be withdrawn absent a showing of Federal Rule of Civil Procedure 60(b) grounds for relief; (2) Plaintiff is a citizen of Louisiana, and the addition of Kelleher, Inc., also a citizen of Louisiana, as a direct defendant, destroys diversity and deprives the Court of jurisdiction; and (3) although Plaintiff labeled the motion to withdraw as "unopposed," Plaintiff failed to notify Kelleher, Inc. or HBK of its intention to file the motion. (Mem. in Supp. p. 1-2.)

Plaintiff opposes the motion, arguing that Rule 60 does not apply to Plaintiff's motion to amend and withdraw, and that granting Plaintiff's motion will not destroy diversity. (Pla. Mem. in Opp. p. 2, 5.) In addition, Plaintiff contends that Kelleher's notice objection is "misplaced." (*Id.* at p. 10.)

After reviewing the record, it is clear that mover did not have notice of Plaintiff's motion to amend and withdraw. Through his affidavit, Harry B. Kelleher, Jr., declares that "[h]e received no notice, either in his capacity as President/Chairman or in his personal capacity, of Oak Den Farms, L.L.C.'s combined Motion for Leave to File First Supplemental, Amending and Restating Complaint and Motion to Withdraw Notice of Voluntary Dismissal prior to its filing." (Declaration of Harry B. Kelleher, Jr., at ¶ 2.) Moreover, Mr. Kelleher asserts that "[h]ad either he or Harry Kelleher & Co., Inc. received notice of Oak Den Farms, L.L.C.'s combined motion prior to its filing, it would have been opposed." (*Id.* at ¶ 3.)

Plaintiff's Memorandum in Support of Unopposed Motion to Withdraw Notice of Partial

3

Dismissal and Motion for Leave to Amend fails to state whether counsel for Kelleher, Inc. and HBK was contacted prior to filing the motion, despite the fact that the motion is styled as unopposed. The memorandum provides in pertinent part:

> Moreover, Travelers recently filed a Third-Party Complaint against Harry Kelleher & Co., Inc., and though Harry Keller & Co., Inc. has not yet appeared its attorney has acknowledged receiving actual notice. The settlement conference in this action is set for October 18, 2007, and Kelleher & Co., Inc.'s attorney has been provided with notice of this date. These circumstances demonstrate that there has been no undue delay, that there is no indication of dilatory motive, and that there is no undue prejudice to Harry Kelleher & Co., Inc. or Travelers, who has stated that it has no objection to the filing of the attached Amended Complaint.

(Pla. Mem. in Supp. p. 3.) However, while explicitly avowing that Travelers had no objection to the filing of its motion, Plaintiff declined to state whether or not Kelleher, Inc. objected.

Furthermore, Plaintiff's Memorandum in Opposition to Motion to Vacate (Rec. Doc. 46) never addresses the issue of whether Plaintiff contacted counsel for Kelleher, Inc. and HBK prior to filing its motion. Instead, Plaintiff's opposition rests upon the logic that "Kelleher, Inc. should not be heard to complain of lack of notice because it has waited over three months to raise its objections." (Pla. Mem. in Opp. p. 10.) Plaintiff observes that the Motion to Amend and Withdraw was filed on June 28, 2007, at which time Kelleher was a third-party defendant, and the motion was granted on July 13, 2007. (*Id.* at p. 10-11.) According to Plaintiff, "Kelleher, Inc. should not be heard to complain of Plaintiff's alleged failure to notify when the Motion to Amend and Withdraw remained pending for two weeks while Kelleher, Inc. was allegedly a party." (*Id.* at p. 11.) However, the Eastern District of Louisiana CM/ECF Display Receipt reveals that the Notice of Electronic Filing of the Unopposed Motion to Withdraw Notice of Partial Dismissal and Motion for

4

Leave to Amend (Rec. Doc. 19) was not sent to counsel for Kelleher, Inc. & HBK.[1]  Similarly, electronic notice of the Order granting Plaintiff's motion (Rec. Doc. 25) was not sent to counsel for Kelleher, Inc. and HBK.[2]

Based on the foregoing, the Court finds that the record clearly reflects that mover did not have notice.  Consequently, the Court need not address the other two grounds offered in support of mover's Motion to Vacate.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate (Rec. Doc. 45)** filed by third party defendants Harry Kelleher & Co., Inc. and Harry B. Kelleher is **GRANTED** based on lack of notice.

December 10, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Display Receipt establishes that notice was electronically mailed to the following: Martha Y. Curtis, counsel for Plaintiff; James M. Garner, counsel for Plaintiff; Thomas Joseph Madigan, counsel for Plaintiff; and Gary Jade Russo, counsel for Travelers.  Notice was not delivered by other means.

[2] Electronic notice was sent to the following: Gary Jade Russo; Douglas Conrad Longman, Jr., counsel for Travelers; James M. Garner; Martha Y. Curtis; Camille Bienvenu Poche, counsel for Travelers; and Thomas Joseph Madigan.  Notice was not delivered by other means.