UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OAK DEN FARM, LLC                                    CIVIL ACTION

VERSUS                                               NO: 06-7205

TRAVELERS INDEMNITY                                  SECTION: "A" (1)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is **Plaintiff's Motion to Re-Urge as Opposed its Motion to Withdraw Notice of Partial Dismissal and Motion for Leave to Amend (Rec. Doc. 81)**.  Third-party defendants, Harry Kelleher & Co., Inc. and Harry B. Kelleher, Jr., oppose the motion.  The motion, set for hearing on January 9, 2008, is before the court on the briefs without oral argument.  After reviewing the memoranda of counsel and applicable law, the Court concludes that Plaintiff's motion should be **GRANTED** and Harry Kelleher & Co., Inc. is added as a defendant.  However, for the reasons that follow, the Court finds that with the addition of Harry Kelleher & Co., Inc., subject matter jurisdiction is lacking and the above-styled action is hereby **REMANDED** pursuant to 28 U.S.C. § 1447(c) to Civil District Court for the Parish of Orleans, where it was originally filed and assigned Docket No. 2006-8968.

## I.     **BACKGROUND**

The instant dispute arises out of damage to Oak Den Farm, a working farm in Lumberton, Mississippi, due to the wind and rain associated with Hurricane Katrina. (Pla. Compl. ¶ 8). The property was insured by a policy of insurance of custom coverage, entitled "Agribusiness Policy," which was procured by Harry Kelleher & Co., Inc. ("Kelleher, Inc."), through Louisiana licensed broker Harry B. Kelleher, Jr. ("HBK"). (*Id.* at ¶ 6.) Travelers Indemnity Company issued this Agribusiness policy, effective from February 2, 2005, through February 2, 2006, to Oak Den Farm. (*Id.* at ¶ 7.)

Plaintiff filed suit in the Civil District Court for the Parish of Orleans, alleging that Travelers failed to comply with its obligations under the Agribusiness Policy and therefore is in breach of that contract of insurance. (*Id.* at ¶ 21.) Furthermore, Plaintiff contends that Travelers' breach was in bad faith. (*Id.* at ¶ 22.) According to Plaintiff, any damages suffered by Oak Den Farm as a result of lack of appropriate insurance coverage under the Agribusiness Policy resulted from the negligence of Kelleher, Inc and HBK, in failing to obtain the appropriate coverage requested by Oak Den Farm. (*Id.* at ¶ 28.)

Travelers removed the case to this Court pursuant to 28 U.S.C. § 1332, alleging that Kelleher, Inc. and HBK were fraudulently joined to defeat subject matter jurisdiction.[1] (Mem. in Supp. p. 2.) On February 1, 2007, Plaintiff filed a Notice of Partial Dismissal, dismissing without prejudice Kelleher, Inc. and HBK pursuant to Federal Rule of Civil Procedure 41(a). (Rec. Doc. 6.)

---

[1] Travelers also removed based on the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). The MMTJA does not provide a basis for Travelers to remove this suit. *See Berry v. Allstate Ins. Co.*, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); *Case v. ANPAC La. Ins. Co.*, No. 06-7390, Rec. Doc. 20, Dec. 11, 2006 (Duval, J.).

On April 12, 2007, the Court issued a Scheduling Order, which dictated that amendments to pleadings, third-party actions, cross-claims, and counter-claims shall be filed no later than May 25, 2007. (Rec. Doc. 9.) On that date, Travelers moved for leave to file a third party complaint, adding Keller, Inc. and HBK as third party defendants. (Rec. Doc. 13.) The Court granted Traveler's motion (Rec. Doc. 15), and the Third Party Complaint was entered on May 30, 2007 (Rec. Doc. 16). After the deadline for filing amendments to pleadings had passed, on June 28, 2007, Plaintiff filed the Unopposed Motion to Withdraw Notice of Partial Dismissal and Motion for Leave to Amend (Rec. Doc. 19). The Court granted this combined motion on July 13, 2007. (Rec. Doc. 25.)

Plaintiff's First Supplemental, Amending, and Restating Complaint (Rec. Doc. 26) was entered on July 16, 2007. According to this Complaint, to the extent the Agribusiness Policy lacks coverage, it is alleged that the lack of coverage was caused by the fault of Kelleher, Inc. in, *inter alia*, failing to properly solicit and complete Plaintiff's application for the policy, failing to obtain the requested and appropriate coverage, and improperly advising Plaintiff on the appropriate coverage. (Pla. First Amended Compl. ¶ 37.) Plaintiff cites a "special relationship" between Kelleher, Inc. and the principals of Oak Den Farm as inducing Roger Ogden, a manager of Oak Den Farm, "to reasonably and justifiably rely on [Kelleher, Inc.] to obtain appropriate insurance coverage for all his insurance needs, including Oak Den Farm." (*Id.* at ¶ 38.)

On December 10, 2007, the Court granted the Motion to Vacate (Rec. Doc. 45) filed by Kelleher, Inc., on the ground that mover did not have notice of Plaintiff's Unopposed Motion to

3

Withdraw Notice of Partial Dismissal and Motion for Leave to Amend. (Rec. Doc. 72.) Finding that the mover did not have the notice ostensibly assured in Plaintiff's original motion to withdraw and amend, the Court did not address the other two grounds for vacating submitted by Kelleher, Inc., namely the following: (1) Plaintiff's notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a) was effective at the time of filing and cannot be withdrawn absent a showing of Federal Rule of Civil Procedure 60(b) grounds for relief; and (2) Plaintiff is a citizen of Louisiana, and the addition of Kelleher, Inc., also a citizen of Louisiana, as a direct defendant, destroys diversity and deprives the Court of jurisdiction.

Plaintiff filed a Motion to Re-Urge as Opposed its Motion to Withdraw Notice of Partial Dismissal and Motion for Leave to Amend. (Rec. Doc. 81.) In support of its motion, Plaintiff "specifically adopts and incorporates by reference as if fully reproduced herein pursuant to Federal Rule of Civil Procedure 10(c) its Motion to Amend and Withdraw (Rec. Doc. 19), its Memorandum in Opposition to Motion to Vacate (Rec. Doc. 46), and its First Supplemental, Amending, and Restated Complaint (Rec. Doc. 26), along with each of their accompanying documents and exhibits."

Kelleher, Inc. and HBK oppose the motion. (Rec. Doc. 86.) In opposition, they incorporate all arguments and defenses raised by Kelleher and HBK in their previously filed Memoranda in Support of their Motion to Vacate. (*Id.*) In addition, they argue that the motion was not timely filed pursuant to the Court's scheduling order and that Plaintiff cited no law to permit it to withdraw its Notice of Dismissal. (*Id.*)

Travelers has filed nothing in opposition to the motion. Plaintiff's Memorandum in Support

of Unopposed Motion to Withdraw Notice of Partial Dismissal and Motion for Leave to Amend asserts that "Counsel for Travelers stated that Travelers has no opposition to this Motion." (Rec. Doc. 19-3, p. 2.) The Court assumes that Travelers does not oppose the Motion to Re-Urge.

**II.     LAW & ANALYSIS**

    **A.     *Plaintiff's Motion to Re-Urge and Withdraw***

Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend "should be freely given when justice so requires." However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (citing 28 U.S.C. § 1447 (e)).

When faced with an amended pleading naming a new defendant that could destroy diversity in a removed case, the Court should scrutinize that amendment more closely than an ordinary amendment. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In this situation, justice requires that the Court consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits. *Id.* For instance, the Court must consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Id.* The Court must balance the equities and decide whether amendment should be permitted. *Id.*

After reviewing the original Memorandum in Support of Unopposed Motion to Withdraw Notice of Partial Dismissal and Motion for Leave to Amend (Rec. Doc. 19), the Court finds that the factors weigh in favor of allowing leave to amend. This is not a case where Plaintiff seeks to add a completely new party for the sole purpose of destroying jurisdiction. Rather, the case was originally filed in state court and removed to this court in this posture. Simply, Plaintiff is asking to return the case to its original posture when removed, in light of the fact that Travelers filed a Third-Party Complaint against Kelleher, Inc. and produced documents that support Plaintiff's claim against Kelleher, Inc. (Rec. Doc. 19-3, p. 3.) In this situation, to piecemeal the litigation would be a waste of judicial resources which the Court cannot condone. Accordingly, Plaintiff's Motion to Re-Urge as Opposed its Motion to Withdraw Notice of Partial Dismissal and Motion for Leave to Amend (Rec. Doc. 81) should be and is **GRANTED**.

However, having added Kelleher, Inc. as a defendant, the Court is duty-bound to investigate subject matter jurisdiction.

### B.     *Subject Matter Jurisdiction*

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing 1 J. Moore, *Moore's Federal Practice* § 0.71[1][5.-1] (1996)). The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived. *Id.* (citing Fed.R.Civ.P. 12(h)(3); *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941)). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Id.* (citing *Strain*

*v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)).

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Mangano v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In the instant case, Travelers removed the case to this Court and therefore bears the burden of establishing that subject matter jurisdiction is proper. Travelers filed a Notice of Removal on October 3, 2006 (Rec. Doc. 1), in which it asserted that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 6.) Citing the allegation of the Petition, Travelers noted that Oak Den's members are natural persons domiciled in Orleans Parish. (*Id.* at ¶ 2.) Travelers further averred that this court has jurisdiction because "[t]he citizenship of Defendants Harry Kelleher & Co., Inc. and Harry B. Kelleher should not be considered because Plaintiffs can establish no cause of action against Harry Kelleher & Co., Inc. and Harry B. Kelleher." (*Id.* at ¶ 6.)

Plaintiff did not move to remand this case. Instead, Plaintiff voluntarily dismissed Kelleher, Inc. and HBK, and the question of fraudulent joinder was avoided. Rather, this Court's subject

matter jurisdiction was questioned for the first time in the Motion to Vacate filed by Kelleher, Inc. (Rec. Doc. 45.)

Plaintiff's First Supplemental, Amending, and Restated Complaint (Rec. Doc. 26) provides new allegations regarding Plaintiff's citizenship. Specifically, Plaintiff alleges time that it is a limited liability company organized under the laws of Delaware and that its sole member is a trust whose trustee is Alaska Trust Company, an Alaska corporation with its principal place of business in Anchorage, Alaska. (Pla. Amended Compl. ¶ 1.) As such, Plaintiff contends that it is a citizen of Alaska. (*Id.*)

In order for a federal court to assert diversity jurisdiction, diversity of citizenship must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (citing *Getty Oil Corp., Division of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986)). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.* (quoting *Getty Oil*, 841 F.2d at 1259; *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). Subsequent to filing the Notice of Removal, Travelers has not filed anything into the record to sustain its burden of proving complete diversity.

Plaintiff and Kelleher, Inc. have briefed the Court on this issue through their memoranda submitted in support of and in opposition to the Motion to Vacate filed by Kelleher, Inc. (See Rec. Docs. 45, 46, 53.)

According to Kelleher, Inc., Plaintiff's First Supplemental and Restating Complaint destroys

8

diversity and deprives the Court of subject matter jurisdiction. (Def. Mem. in Supp. of Motion to Vacate, p. 4.) Kelleher, Inc. acknowledges that Plaintiff is a limited liability company and that, consequently, the citizenship of its members determines its citizenship for diversity purposes. (*Id.*) (citing *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342 (8th Cir. 2007); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006); *Handelsman v. Bedford Village Associates, Ltd. Partnership*, 213 F.3d 48 (2nd Cir. 2000)). Kelleher, Inc. does not dispute that because Plaintiff's sole member is a trust, the citizenship of the trust is determinative. (*Id.* at p. 5.) However, Kelleher, Inc. notes that there is "significant disagreement" among the circuits over the appropriate test for the citizenship of the trust itself and that the Fifth Circuit has not ruled on this issue. (*Id.*) Importantly, Kelleher, Inc. argues that the citizenship of a trust is determined by the citizenship of both its trustee and its beneficiaries. (*Id.* at p. 6.) Plaintiff challenges Kelleher, Inc.'s reasoning and maintains that the citizenship of a trust is determined solely by the citizenship of its trustee for purposes of diversity jurisdiction.

Plaintiff cites *Navarro Savings Association v. Lee* for the proposition that courts "look solely to the trustee's citizenship for purposes of diversity jurisdiction." (Pla. Mem. in Opp. to Motion to Vacate, p. 5.) (citing 446 U.S. 458 (1980)). In addition, Plaintiff directs the Court to *Hummel v. Townsend*, in which the Fifth Circuit observed that "[i]n *Navarro Savings*, the Court held that the citizenship of the trustee of a Massachusetts business trust controlled for diversity purposes, rather than the citizenship of the beneficiaries." (*Id.* at p. 6.) (quoting *Hummel v. Townsend*, 883 F.2d 367, 371 (5th Cir. 1989)).

However, subsequent to *Hummel*, the Supreme Court clarified *Navarro*. In *Carden v. Arkoma Associates*, Justice Scalia recognized that *Navarro* involved the question of "whether parties that were undoubted 'citizens' (vis., natural persons) were the real parties to the controversy." 494 U.S. 185, 191, 110 S.Ct. 1015, 1019, 108 L.Ed.2d 157 (1990). In *Navarro* the plaintiffs were eight individual trustees, suing in their own name, and the defendant disputed the existence of complete diversity, claiming that the trust beneficiaries were the real parties to the controversy, rather than the trustees, and that the citizenship of the former should control. *Id.* According to Justice Scalia,

> [i]n the course of rejecting the claim, we did indeed discuss the characteristics of a Massachusetts business trust – not at all, however, for the purpose of determining whether the trust had attributes making it a "citizen," but only for the purpose of establishing that the respondents were "active trustees whose control over the assets held in their names is real and substantial," thereby bringing them under the rule, "more than 150 years" old, which permits such trustees "to sue in their own right, without regard to the citizenship of the trust beneficiaries.

*Id.* (citing *Navarro*, 446 U.S. at 465-66, 100 S.Ct. at 1784). In explaining that "[w]e have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members," the Court reiterated that, "*Navarro* had nothing to do with the citizenship of the 'trust' since it was a suit by the trustees in their own name." *Id.* at 192-193, 110 S.Ct. at 1019-1020. Justice Scalia concluded by stating:

> [i]n sum, we reject the contention that to determine for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," . . . "the several persons composing such association," . . . "each of its members."

*Id.* at 195-196, 110 S.Ct. 1015, 1021 (citing *Chapman v. Barney*, 129 U.S. 677, 682, 9 S.Ct.426, 427, 32 L.Ed. 800 (1889); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, 20 S.Ct. 690,

10

693, 44 L.Ed. 842 (1900); *Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146, 86 S.Ct. 272, 273, 15 L.Ed.2d 217 (1965)).

The Fifth Circuit has not reconciled *Navarro* with *Carden*.  In *Corfield v. Dallas Glen Hills LP*, the Court explained, "[i]n *Carden*, the Supreme Court held that the citizenship of every partner in a limited partnership must be considered for diversity purposes.  In so holding, the Supreme Court clarified that every artificial entity, other than a corporation, takes its citizenship from all of the members comprising the entity." 355 F.3d 853, 865 (5th Cir. 2003) (citing *Carden*, 494 U.S. at 195-96, 110 S.Ct. at 1021).  However, the Fifth Circuit has not discussed *Carden* in the specific context of a trust.  Consequently, the Court agrees with Kelleher, Inc. that the issue of the citizenship of a trust is unresolved in this Circuit.[2]

The Court finds that Travelers, the removing party, has not satisfied its burden in rebutting the presumption against subject matter jurisdiction.  Moreover, the Court finds that the test for determining the citizenship of a trust is ambiguous in this Circuit.  Such ambiguities are construed against removal and the case must be remanded.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that **Plaintiff's Motion to Re-Urge as Opposed its Motion to**

---

[2] The Court notes that Judge Clement cited *Carden* in the context of a trust while she was a judge sitting on this Court.  In *Fagan Enterprises, Inc. v. Constantin Land Trust*, she observed that "[i]t is well-settled that an unincorporated association assumes the citizenship of its individual members." 1998 WL 195984 (E.D. La. Apr. 22, 1998) (citing *Carden*, 494 U.S. at 195, 110 S.Ct. at 1021).  "Thus, the citizenship of a land trust is determined by looking to the citizenship of its members, including its investors or beneficiaries and not simply its trustees." *Id.* (citing *Riverside Memorial Mausoleum, Inc. v. Umel Trust*, 581 F.2d 62, 65 (3d Cir. 1978)).

11

**Withdraw Notice of Partial Dismissal and Motion for Leave to Amend (Rec. Doc. 81)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-styled action is **REMANDED** pursuant to 28 U.S.C. § 1447(c).

January 8, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE